UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>FNU JOHN SADIQULLAH,<br><br>    Defendant. | CRIMINAL NO. 5:19-101-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Fnu Sadiqullah's motion (DE 238) to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Sadiqullah also requests that the Court appoint him counsel if it finds further briefing necessary.

A jury found Sadiqullah guilty of two conspiracy counts. The first count was for conspiring to kidnap for ransom a man who owed Sadiqullah money – Lahoucine Elkohli – or Elkohli's son in violation of 18 U.S.C. § 1201(c). The second count was for conspiring to use interstate facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958. By judgment dated October 13, 2020, the Court sentenced Sadiqullah to a prison term of 106 months. According to the Bureau of Prisons' website, Sadiqullah will complete his sentence on November 16, 2026. He is currently incarcerated at Lexington FMC.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. See 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834.

Here, the government does not dispute that Sadiqullah has met the mandatory condition. Moreover, Sadiqullah presents evidence that he requested a sentence reduction from his warden more than 30 days prior to filing this motion. (DE 238-1, E-mail to Warden.) There is no evidence that the Warden responded. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The Sixth Circuit previously held that district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time of *Jones*, applied only to motions for compassionate release filed by the warden; it did not apply to motions for compassionate release filed by inmates. *Id*. at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018). However, the Sentencing Commission amended the policy

2

statement in § 1B1.13, effective November 1, 2023, to make it applicable to inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023).

Sadiqullah asserts the following as extraordinary and compelling circumstances: 1) he has a minor son who suffers from autism; 2) his wife was the child's primary caregiver, and she is ill and no longer capable of performing those duties; and 3) Sadiqullah is the only immediate family member who can perform these duties.

The policy statement provides examples of extraordinary and compelling circumstances, which include certain family circumstances of the defendant. U.S.S.G. 1B1.13(b)(3). The family circumstances include "the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. 1B1.13(b)(3)(A). The policy statement also provides that circumstances "similar in gravity" to the other circumstances set forth in the statement can also constitute extraordinary and compelling circumstances. U.S.S.G. 1B1.13(b)(5).

Sadiqullah is originally from Afghanistan. He has submitted evidence in the form of letters from various U.S. military personnel that he provided crucial support to the U.S. government during the Afghanistan War. He submits evidence that he was employed by the U.S. government and provided "faithful and valuable service," and that he and his family faced an ongoing serious threat as a result. (DE 241-1, Letters.)

He states in his motion that the Taliban tortured his wife and one of his sons in Afghanistan. He has presented evidence that his wife suffered a severe head trauma, leading to post-traumatic stress disorder, major depressive disorder, generalized anxiety, chronic migraines, and insomnia. (238-1, Ex. 2, 3, 6.) Sadiqullah also presents evidence that one of his minor sons suffers from autism

3

spectrum disorder (level 3), global development delay, mixed receptive-expressive language disorder, encopresis, and functional urinary incontinence. (DE 238-1, Ex. 4, 5).

Complicating Sadiqullah's family situation is the fact that his wife does not speak English. (DE 238-1, Ex. 2.). Sadiqullah asserts that his son's doctor's appointments frequently must be rescheduled because interpreters are not available. Sadiqullah speaks English; he served as an interpreter for U.S. Armed Forces during the Afghanistan War.

Sadiqullah asserts that, while this motion was briefed, the Taliban murdered his father in Afghanistan, likely due to his family's ongoing support and assistance to the U.S. military. (DE 241, Reply at 6.) Sadiqullah asserts that his wife and children previously relied on his father for support.

Sadiqullah has presented medical evidence, however, only that his wife would "benefit from having help caring for her children." (DE 238-1, Letter.) He has not presented medical evidence that his wife is "incapable" of caring for her autistic son as the statute requires.

In one letter, the practice manager from Cultivate Behavioral Health & Education states that Sadiqullah's son attends therapy at the clinic to develop functional communication and adaptive skills. (DE 242 at 2.) She states that the clinic also conducts meeting with caregivers so they can assist at home. She states that Sadiqullah's wife attends the caregiver meetings, but communication is difficult since the wife does not speak English and interpreters are not available.

The practice manager states that Sadiqullah joins the caregiver meetings via phone at times but that he is available erratically. She requests only that the Court grant Sadiqullah "consistently scheduled access to a telephone or communication device to be able to attend and translate caregiver guidance meetings." (DE 242 at 2.) She does not indicate that Sadiqullah's wife is unable to care for the couple's autistic son or that Sadiqullah's release is necessary to provide care to his son. While the Court may have authority to reduce Sadiqullah's sentence so that he can provide

4

care to his autistic minor child because his wife is incapable of doing so, the Court has no authority to order the BOP to provide Sadiqullah with consistent access to communications devices.

Accordingly, the Court must deny Sadiqullah's motion for compassionate release without prejudice, meaning that he may file another motion for compassionate release with medical evidence that his wife is incapable of providing adequate care for his autistic son on her own. He need not refile any of the evidence that he submitted in support of this motion. He need only file the evidence regarding his wife's condition.

For all these reasons, the Court hereby ORDERS that Sadiqullah's motion for compassionate release (DE 238) is DENIED without prejudice. The Court further ORDERS that Sadiqullah's motion for appointment of counsel is DENIED, the Court finding no need for counsel at this time.

Dated: July 17, 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY