# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>FNU JOHN SADIQULLAH,<br><br>    Defendant. | CRIMINAL NO. 5:19-101-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on the defendant Fnu Sadiqullah's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 220). The magistrate judge has filed a recommendation that the Court deny the motion. (DE 229 Recommendation.)

A jury found Sadiqullah guilty of two conspiracy counts. The first count was for conspiring to kidnap for ransom a man who owed Sadiqullah money or that man's son in violation of 18 U.S.C. § 1201(c). The second count was for conspiring to use interstate facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958. By judgment dated October 13, 2020, the Court sentenced Sadiqullah to a prison term of 106 months. By opinion dated November 1, 2024 (DE 251), however, the Court reduced Sadiqullah's sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He remains subject to the conditions of his supervised release.

The magistrate judge determined that Sadiqullah asserts two broad grounds of ineffective assistance of trial counsel: failing to conduct a reasonable investigation and failing to call a corroborative witness. The magistrate judge determined that Sadiqullah

had failed to establish either grounds. Sadiqullah has filed objections (DE 234) to the magistrate judge's recommendation.

Before addressing Sadiqullah's objections, some background is necessary. The evidence at trial showed that Sadiqullah's involvement in this matter began because he believed an individual named Lahoucine Elkohli owed him money. Sadiqullah's codefendant Abdul Hadi also believed Elkohli owed him money. Both Sadiqullah and Hadi are from Afghanistan. The two men, as is customary in their community, placed their trust in a religious leader to resolve the dispute. That religious leader was codefendant Mahmoud Shalash, who was the imam of the Islamic Center in Lexington. It was Shalash who connected Sadiqullah to a man who Shalash believed could harm Elkohli to collect the debt. Unbeknownst to both Shalash and Sadiqullah, that man – identified to the jury as Thomas Smith – was a government informant.

Sadiqullah submits two sets of objections. The first set was drafted by his counsel (DE 237); the second set was submitted pro se by Sadiqullah (DE 234; DE 237 Attachment A.). The Court will begin with the objections drafted by counsel.

The first objection drafted by counsel argues that the magistrate judge applied the wrong standard to Sadiqullah's claims for ineffective assistance of counsel. (DE 237 Objections 1-2.) Counsel points out that, in the recommendation, the magistrate judge recited the standard for establishing prejudice in a guilty plea context. (DE 229 Recommendation 5.) This is true, but the magistrate judge also set forth the standard for assessing prejudice in the trial context: To demonstrate prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the

2

result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (DE 229 Recommendation 5). Further, the magistrate judge employed the correct standard in his analysis. He considered trial counsel's actions during trial, and whether, but for those actions Sadiqullah complains about, there would have been a guilty verdict. Accordingly, this objection is overruled.

Next, Sadiqullah's counsel argues that the magistrate judge erred by "restricting his review of the facts of this case to the description set forth in the Presentence Report prepared for sentencing purposes." (DE 237 Objections 2.) The magistrate judge did consider certain facts set forth in the presentence report, but he also considered the trial transcript where appropriate. (*See, e.g.,* DE 229 Recommendation 6, 7, 8, 11.) Moreover, counsel does not cite any particular facts the magistrate judge failed to consider beyond referring generally to Sadiqullah's pro se objections. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must explain and cite specific portions of the recommendation that counsel or defendant deem problematic. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). For these reasons, this objection is overruled.

The other objections asserted by Sadiqullah's counsel are either general objections or refer to the objections made by Sadiqullah himself in his pro se objections. Accordingly, these objections will be overruled as too general or duplicative. To the extent that Sadiqullah's counsel repeats specific objections made by Sadiqullah in his pro se objections, the Court will address them when addressing the pro se objections.

As to those pro se objections, Sadiqullah first argues that the magistrate judge considered only two of grounds for relief and failed to address certain others. In his petition, however, Sadiqullah asserted two grounds for relief:

> Ground One: Ineffective assistance of Trial Counsel – Failure to Conduct a Reasonable Investigation
>
> Ground Two: Ineffective assistance of Counsel – Failure to Call Corroborating Witnesses

(DE 220 2255 Petition 5, 6.)

The magistrate judge recognized that Sadiqullah's first grounds for relief – failure to investigate – involved "multiple aspects." The magistrate discerned four: failure to investigate the language barrier for Sadiqullah; failure to use certain recorded conversions with CI Smith to discredit his testimony; failure to investigate certain GPS data for Sadiqullah; and failure to investigate a particular meeting with Elkohli at the tire store owned by Elkohli. The magistrate judge considered each of those aspects to the failure-to-investigate claim. In his objections, Sadiqullah does not assert any specific argument that he made in his § 2255 motion that the magistrate judge failed to address. Accordingly, this objection is overruled.

Sadiqullah next objects to the magistrate judge's statement that Elkohli owed money to Shalash, Sadiqullah, and Hadi based upon a failed taxi business. (DE 229 Recommendation 2.) Sadiqullah argues that this is incorrect because Elkohli did not owe money to Shalash based upon the taxi business but instead based upon a separate matter. Sadiqullah is correct. The trial showed that Elkohli owed only Sadiqullah and Hadi for

4

unpaid wages regarding the taxi business. Nevertheless, Sadiqullah does not explain how that fact is significant, much less why it would require the Court to reverse the magistrate judge's recommendation or vacate the judgment against him. This objection is overruled as immaterial.

Sadiqullah's next objection deals with the magistrate judge's statement that Shalash told CI Smith that, if Sadiqullah and Hadi "get ahold of Elkohli, they'll kill him." (DE 229 Recommendation 2.) Sadiqullah argues that this statement does not implicate him directly and that the statement does not necessarily literally mean "kill"; it might mean simply argue with or assault Elkohli. Regardless of who the statement implicates or how it is interpreted, Sadiqullah does not argue that the magistrate judge erred in finding that the statement was made. Nor does Sadiqullah explain the significance of the statement to his claims for ineffective assistance of counsel or why it would require the Court to reverse the magistrate judge's recommendation. Accordingly, this objection is overruled as immaterial.

Next, Sadiqullah objects to two factual statements set forth in the magistrate judge's recommendation. The first is the magistrate judge's statement that CI Smith met with Shalash, Sadiqullah, and Hadi. Sadiqullah argues that all three men never met with CI Smith at one time. The second is the magistrate judge's statement that Sadiqullah told Shalash, "We want him die," referring to Elkohli. Sadiqullah argues that the magistrate judge failed to note that Sadiqullah followed this statement up with, "like he made us die." Sadiqullah argues that this statement makes clear that he did not literally mean he wanted Elkohli to die. Sadiqullah is correct that there was no evidence that CI Smith ever

5

met with Shalash, Sadiqullah, and Hadi at one time. And he is correct that the evidence showed that he made the statement "like because he made us die" after stating to Smith, "we want him die." However, by a prior opinion, this Court has already reviewed the evidence to determine if the government introduced enough to sustain Sadiqullah's convictions. (DE 164 Opinion on Motion for Judgment of Acquittal.) The issue on this § 2255 motion is whether Sadiqullah has shown that his counsel was ineffective. Sadiqullah does not explain how these statements relate to the ineffective-assistance-of-counsel claims asserted in his § 2255 motion. The jury was never presented with evidence that CI Smith met with all three men together. Further, the jury was presented with evidence that Sadiqullah made the statement, "like because he made us die" after stating "we want him die." Thus, it is unclear how these any of this evidence relates to trial counsel's performance at trial. Accordingly, this objection is overruled as immaterial.

Sadiqullah continues to argue in his objections as he did in his § 2255 motion that his lawyer failed to use certain evidence at trial. First, Sadiqullah asserts that his lawyer should have introduced his cellphone GPS data that he asserts would show that he did not follow Elkohli to Elkohli's tire store on May 2, 2010, which was the date Sadiqullah called CI Smith to say that he had "captured" Elkohli. Even if the cellphone data would show that Sadiqullah did not follow Elkohli to the store, there is no dispute that he did go to the store and confront Elkohli. Whether he followed Elkohli to the store or not was not significant. Thus, it was neither objectively unreasonable nor prejudicial for Sadiqullah's trial counsel to fail to present the cell phone GPS data. This objection is overruled.

Second, Sadiqullah argues that his counsel was ineffective for not using certain time-and-date data from Sadiqullah's cell phone that he asserts would show he did not call Smith until after he – Sadiqullah – had had arrived at the tire store. The jury was, however, presented with evidence that Sadiqullah made the call after arriving at the store. There was no dispute about that. Thus, it was neither unreasonable nor prejudicial for Sadiqullah's lawyer to fail to present any time-and-date data from Sadiqullah's phone. Any such evidence was unnecessary. This objection is overruled.

Third, Sadiqullah argues that his trial counsel should have hired a translator instead of relying on the government's translations of the confrontation between Sadiqullah, Hadi, and Elkohli at the tire store. Sadiqullah argues that an accurate translation would show that he spoke in a "conciliatory and stress-reducing or deescalating" manner to Elkohli during the confrontation at the tire store and believed that the dispute between the men would be resolved through attorneys. However, the jury was presented with undisputed evidence that, during the meeting at the store, Elkohli contacted his lawyer and scheduled a meeting on the following Monday at the lawyer's office for Sadiqullah and Hadi. The jury was also presented with undisputed evidence that, by the end of the confrontation at the tire store, Sadiqullah told Elkohli he loved him and believed that all of the men would meet the lawyer the following Monday.

Thus, even if another translation of the recording of the meeting would show that Sadiqullah was conciliatory and believed the dispute between the men would be resolved through attorneys, any such translation would have been redundant of other evidence.

7

Thus, Sadiqullah has not shown that his counsel was unreasonable for failing to obtain a different translation of the recording or that any such failure was prejudicial.

Fourth, Sadiqullah argues that his counsel was ineffective for failing to present a recording Sadiqullah made of his phone calls with informant Smith regarding the confrontation at the tire store. Sadiqullah argues that the recordings would show that he did not want anything violent to happen to Elkohli and that it was Smith who kept pressing the idea of using violence. As the magistrate judge pointed out, however, Sadiqullah's trial counsel stated by affidavit that she found the recording "incredibly detrimental" to Sadiqullah because, during the call, Sadiqullah asked Smith to come to Lexington to "help them." Counsel feared that the jury would conclude that Sadiqullah was asking Smith to come to Lexington to carry out a prior agreement between Smith and Sadiqullah to kidnap Elkohli or his son and to kill Elkohli. For this reason, counsel decided to attack the veracity of the confidential informant on cross examination rather than present the recording. At trial, Sadiqullah's counsel presented ample reasons for the jury to question Smith's credibility during her cross examination of him. Further, Sadiqullah's counsel presented other recordings that she reasonably determined demonstrated Sadiqullah did not intend to harm Elkohli. The magistrate judge correctly concluded that trial counsel's decision to not offer the recording that was potentially damaging to Sadiqullah was a strategic decision by trial counsel that was not objectrively unreasonable.

Accordingly, the Court hereby ORDERS as follows:

1) the magistrate judge's Report and Recommendation (DE 229) is ADOPTED as the Court's opinion;

2) For the reasons stated in the Report and Recommendation and this opinion, Sadiqullah's motion to vacate under 28 U.S.C. § 2255 (DE 220) is DENIED;

3) a certificate of appealability will not be issued, Sadiqullah having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

4) a judgment consistent with this order and the Report and Recommendation will be entered.

This 5th day of June, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY